IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT JAMES SWINT,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>META PLATFORMS, INC,<br>DEPARTMENT OF DEFENSE,<br>VERIZON WIRELESS<br>COMMUNICATIONS L.L.C.,<br>NIAGARA VIDEO CORP.,<br>INSTAGRAM,  ODYSSEUS,<br><br>　　　　　Defendants. | CIV. NO. 24-00197 RT-NONE<br><br>FINDINGS AND<br>RECOMMENDATION TO<br>DISMISS THIS ACTION |

**<u>FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION</u>**

On April 29, 2024, pro se Plaintiff Robert James Swint ("Plaintiff") initiated this action by filing his *Complaint*, but without paying the requisite filing fee and administrative fee.  ECF No. 1.  On April 29, 2024, the Court entered a *Deficiency Order* ("Order") notifying Plaintiff that he "must either pay the statutory filing fee of $350.00 and the administrative fee of $55.00, or submit a fully-completed *in forma pauperis* application within twenty eight days (including weekends and holidays) of this *Order*."  ECF No. 2.  The *Order* clearly stated that "[f]ailure to timely file an *in forma pauperis* application or [pay] the statutory filing fee within

twenty eight days of this Order will result in **AUTOMATIC DISMISSAL** of this action." ECF No. 2 at PageID.6 (emphasis in original).

Per the Court's Certificate of Service, Plaintiff was served a copy of the *Order* by First Class Mail sent to Plaintiff's address of record. ECF No. 2. Because the *Order* was not returned undeliverable, this Court reasonably concludes Plaintiff received the *Order*. As of June 17, 2024, some 49 days after the filing of the Court's *Order* on April 29, 2024, Plaintiff has failed to comply with the *Order* since he has neither paid the required fees or filed a completed *in forma pauperis* application.

## DISCUSSION

A district court may dismiss *sua sponte* an action for failure to comply with court rules or orders or to prosecute the action. See Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). In determining whether dismissal is appropriate, district courts consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

The public's interest in expeditious resolution of this litigation strongly favors dismissal, as does the Court's need to manage its docket. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Moreover, allowing this action to sit idle would prejudice unserved defendants. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 991-92 (9th Cir. 1999) ("Plaintiffs' paltry excuse for his default on the judge's order indicates that there was sufficient prejudice to Defendants from the delay that this factor also strongly favors dismissal."). Finally, there are currently no less drastic alternatives available. The Court recognizes that the public policy favoring disposition of cases on their merits weighs against dismissal. Nevertheless, considering the totality of the circumstances and because the other factors favor dismissal, this factor is outweighed.

## **CONCLUSION**

As Plaintiff has failed to comply with the Court's *Order* and based upon its consideration of the above-referenced factors, this Court **FINDS and RECOMMENDS** dismissal of this action without prejudice.

Due to the lack of full consent of the parties under 28 U.S.C. § 636(c), the Clerk's Office is directed to **ASSIGN** this case to a district judge. Magistrate Judge Trader to remain as the assigned Magistrate Judge.

//

//

//

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, June 17, 2024.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 24-00197 RT-NONE; *Robert James Swint vs. Meta Platforms, Inc.*; Findings and Recommendation to Dismiss This Action