IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT JAMES SWINT,<br><br>Plaintiff,<br><br>vs.<br><br>META PLATFORMS, INC, et al.,<br><br>Defendants. | CIVIL NO. 24-00197 JAO-RT<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION |

**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION**

Before the Court is Plaintiff Robert James Swint's ("Plaintiff") Objection to the Magistrate Judge's Findings and Recommendation to Dismiss this Action ("Objection").  ECF No. 8.  This Court elects to decide this matter without a hearing pursuant to Local Rule 7.1(d).  For the reasons articulated below, the Court rejects Plaintiff's Objection and ADOPTS Magistrate Judge Trader's Findings and Recommendation to Dismiss this Action ("F&R").  ECF No. 5.

Plaintiff, proceeding pro se, commenced this action by filing a Complaint against various defendants on April 29, 2024.  ECF No. 1.  The Complaint itself is largely incomprehensible, such that the Court is unable to decipher why Plaintiff believes he has any viable claim against any of the entities or governmental

agencies named as defendants. *See id.* Regardless, because he neither paid the required filing fee nor filed an application seeking to proceed in forma pauperis ("IFP") when he initially filed the Complaint, the Court issued a Deficiency Order, also on April 29, 2024, warning Plaintiff that he had 28 days to either pay the filing fee or file an IFP Application. ECF No. 2. The Court warned that failure to do either by that deadline would result in the automatic dismissal of this action. *Id.* Because Plaintiff failed to comply with that directive, Magistrate Judge Trader issued the F&R on June 17, 2024, recommending that the action be dismissed without prejudice. ECF No. 8. Plaintiff timely filed his Objection to the F&R on July 1, 2024. ECF No. 8.

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Under a de novo standard, there is no deference to the lower court's ruling; rather, the Court "freely consider[s] the matter anew, as if no decision had been rendered below." *Dawson v. Marshall*,

2

561 F.3d 930, 933 (9th Cir. 2009) (alteration in original) (quotations omitted); *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006).

Reviewing the F&R de novo, the Court overrules Plaintiff's Objection and agrees that dismissal of this action is warranted. Like his Complaint, most of Plaintiff's Objection is difficult to discern. *See id.* Plaintiff does not contest that he failed to pay the filing fee or file an IFP Application by the applicable deadline set forth in the Deficiency Order. Nor does Plaintiff offer any justification for his failure to comply with the Deficiency Order—or request that he be given any further extension of time to do so. *See id.* He instead notes, repeatedly, certain overwhelming evidence—although as to what is unclear. *See id.*

To the extent Plaintiff is objecting to the F&R's dismissal based on its evaluation of certain factors applicable when a court dismisses an action for failure to prosecute or obey a court order, the Objection is without merit. *See* ECF No. 5 at 2–3 (addressing the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions) (citing *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019)). On de novo review, the Court agrees these factors favor dismissal. Interpreted generously, Plaintiff seems to object that the factor favoring disposing of cases on

3

their merits means dismissal is not appropriate here.  But, as already noted, Plaintiff's Complaint and his Objection (noting the evidence apparently in support of his Complaint) are confusing and difficult to comprehend—so much so that the Court cannot conclude this factor weighs very heavily (if at all) against dismissal.  In any event, the F&R recommended dismissal without prejudice.  Based on the other factors that strongly support dismissal here—especially given Plaintiff refused to comply with a Court Order and failed to offer any justification for doing so—the Court agrees that dismissal is warranted, and so ADOPTS the F&R.

The Clerk is therefore directed to close this case.

IT IS SO ORDERED.

DATED:   Honolulu, Hawai'i, July 1, 2024.

/s/ Jill A. Otake

Jill A. Otake
United States District Judge

Civil No. 24-00197 JAO-RT; *Swint v. Meta Platforms, Inc., et al.*; ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION